United States District Court
Southern District of Texas
**ENTERED**
April 05, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BADRE BELFAKIR, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 4:16-CV-00082 |
| | § | |
| U. S. STEEL OIL WELL SERVICES, LLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER OF DISMISSAL

### I.  INTRODUCTION

This matter is before the Court on the defendant's, U.S. Steel Oil Well Services, LLC (the "defendant"), motion to dismiss and supplemental motion to dismiss (Dkt. Nos. 6 & 11). The plaintiff, Badre Belfakir (the "plaintiff"), has failed to file a response and the time for doing so has long expired. Thus, pursuant to this Court's local rules, the plaintiff's "[f]ailure to respond will be taken as a representation of no opposition." S.D. Tex L.R. 7.4. After having carefully considered the motions, the pleadings, and the applicable law, the Court determines that the defendant's motion to dismiss should be **GRANTED**.

### II.  BACKGROUND

On October 29, 2015, the plaintiff, proceeding *pro se*, filed the instant action against the defendant alleging claims of race, national origin, and religious discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq*. ("Title VII"), in the 113th Judicial District Court of Harris County, Texas. On January 11, 2016, the defendant timely removed the matter to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1441(a) and 1441(b). (*See* Dkt. No. 1).

The plaintiff's dilatory, nonresponsive conduct has persisted since this case's inception. First, the plaintiff failed to confer in accordance with Fed. R. Civ. P. 26(f) and participate in filing a

joint discovery/case management plan as required by this Court's Order for Conference and Disclosure of Interested Parties despite the Order's express warning that *pro se* litigants are "bound by the requirements imposed upon counsel" and that a "[f]ailure to comply with the order may result in sanctions, including dismissal of the action and assessment of fees and costs." (Dkt. No. 2.). Notwithstanding the aforementioned, the Court, following a telephonic scheduling conference held on April 5, 2016, entered an Order staying this case for 60 days to permit the plaintiff additional time to secure counsel and further directed the parties to exchange Rule 26 disclosures following the automatic reactivation of this case to the Court's docket on June 6, 2016. (*See* Dkt. No. 5).

On June 15, 2016, the defendant served its initial disclosures on the plaintiff. On August 18, 2016, however, after having failed to receive the plaintiff's initial disclosures, the defendant sent the plaintiff a letter reminding him of his obligation to serve initial disclosures, providing him with a copy of the Court's Scheduling Order entered in this case as well as a second copy of its initial disclosures previously served upon him, along with a copy of the relevant provisions of Fed. R. Civ. P. 26 governing initial disclosures. (*See* Dkt. No. 6, Ex. C). In its letter, the defendant also advised the plaintiff of its intent to seek Court intervention for his failure to comply with discovery as follows:

> Please be advised that if you fail to submit your Initial Disclosures within two weeks of the date of this letter – by Thursday, September 1, 2016 – then we will seek the Court's intervention to obtain a dismissal for failing to comply with the Court's order and for not participating in the preparation of your lawsuit for trial.

(*Id.*). In addition to serving the aforementioned documents by certified and regular U.S. mail, the defendant's attorney e-mailed a copy of the same to the plaintiff on August 18, 2016. (Dkt. No. 11, Galagaza Decl at ¶ 3 & Ex. E). In the transmittal e-mail attached to the documents, the defendant's attorney stated as follows:

> Please read the attached letter very carefully. If you have any questions and have hired a lawyer, please let me know the name and phone number of your lawyer. If you have not found a lawyer, then please call me if you have any questions.

> I want to impress upon you that if you do not do as requested in the attached letter by September 2, 2016 and as has been ordered by Judge Hoyt in his order about how this case is to proceed (as copy of which is also attached), U. S. Steel will file a motion with the court to dismiss your lawsuit. You are already more than two months late in complying with the requirement of sending us your initial disclosures. We cannot wait any longer.

(*Id.*).

To date, the plaintiff has still failed to serve his initial disclosures upon the defendant. Moreover, despite having been served on December 23, 2016, with interrogatories, requests for production, requests for admission and a notice of intent to take his deposition, the plaintiff has failed to provide any responses and/or objections to any of the written discovery served upon him. Further, on January 30, 2017, the plaintiff appeared for his scheduled deposition, acknowledged having received the deposition notice, but, nevertheless, requested that the deposition be rescheduled for another day. (*Id.*). When the defendant's attorney refused to reschedule the deposition, however, the plaintiff provided little to no responses to the questions posed during the course of the deposition so as to ultimately force the deposition to be suspended. (*Id.*).

The depositive motion deadline in this case has long passed and this case is currently set for docket call on April 3, 2017.

### III.   ANALYSIS AND DISCUSSION

A district court may dismiss a plaintiff's claims *sua sponte* "for failure to prosecute or to comply with any order of court." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing Fed. R. Civ. P. 41(b)). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 - 31, 82 S. Ct. 1386, 1388 - 89, 8 L. Ed.2d 734 (1962)); *see also Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although the rule is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte

whenever necessary to achieve the orderly and expeditious disposition of cases.") (internal citation and quotations marks omitted).  Specifically, Federal Rule of Civil Procedure 41(b) authorizes the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order or directive.  *See* Fed. R. Civ. P. 41(b).  Such a dismissal may be with or without prejudice.  *See Long v. Simmons*, 77 F.3d 878, 879 - 80 (5th Cir. 1996).

Although *pro se* litigants, such as the plaintiff, are afforded some degree of leniency in certain areas, they are, nevertheless, still required to reasonably comply with court orders, rules and deadlines.  *See Beard v. Experian Info. Sols. Inc.*, No. 06-10333, 2007 WL 178109, *2 (5th Cir. Jan. 19, 2007) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).  Indeed, in spite of this lawsuit's pendency for more than a year and a half, the plaintiff has shown little to no interest in pursuing his claims.  It is undisputed that he has failed to participate in any discovery in this case and/or failed to comply with any rules governing such, despite being fully advised on numerous occasions of his obligations to do so.  To wit, the plaintiff has failed to:  (1) serve his initial disclosures; (2) provide answers to interrogatories and requests for admission; (3) provide responses to requests for production; and (4) submit for an oral deposition.

Moreover, to date, he has failed to provide any explanation for his failure to comply with any of the aforementioned rules or obligations and/or good cause to justify his inability to do so.  This clear record of contumacious conduct is attributable strictly to the plaintiff since he is proceeding *pro se* in this action and substantially prejudices the defendant.  The defendant has suffered substantial prejudice due to the passage of time, the plaintiff's failure to participate in this lawsuit, the plaintiff's repeated failure to respond to any discovery requests propounded to him and the defendant's inability to prepare any meaningful defense in this case in the absence of the plaintiff's active participation. Given the plaintiff's persistent failure to actively participate in this suit, coupled with the fact that this lawsuit has already been pending for at least a year and a half, the Court is of the opinion that

continuing this lawsuit will be fruitless and a waste of resources. Accordingly, unable to move forward with this lawsuit, the Court deems a dismissal of this case, without prejudice, warranted because the plaintiff has failed to comply with even the most rudimentary obligation of serving his initial disclosures and has repeatedly shown a lack of diligence in prosecuting his case. To impose a lesser sanction in this instance would be futile.

## IV.   CONCLUSION

Based on the foregoing analysis and discussion, the defendant's motion to dismiss is **GRANTED**. The plaintiff's case is hereby **DISMISSED** without prejudice. All other relief not expressly granted is hereby **DENIED**.

It is so **ORDERED**.

SIGNED on this 5th day of April, 2017.

_____
Kenneth M. Hoyt
United States District Judge